IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CR. NO. 2:07cr184-MEF |
| FELICIA SHANTA JACKSON | ) |

## PLEA AGREEMENT

DEFENSE COUNSEL:         Daniel G. Hamm

ASSISTANT U.S. ATTORNEY:   Andrew O. Schiff

## COUNT AND STATUTES CHARGED

Count 1:    18 U.S.C. § 371 (conspiracy to defraud United States)

## STATUTORY MAXIMUM PENALTIES

NMT 5 yrs imprisonment
NMT $250,000 fine, or twice the gross gain to defendant or gross loss to victim, or both
NMT 3 years supervised release
$100 assessment fee
Restitution.

## ELEMENTS OF THE OFFENSE

First      That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the information;

Second    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

Third     That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the information; and

Fourth    That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

*****************************************************************************

Andrew O. Schiff, Assistant United States Attorney and Daniel G. Hamm, attorney for the defendant, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

## **GOVERNMENT'S PROVISIONS**

1. For purposes of the calculation of defendant's offense level under the United States Sentencing Guidelines, the government agrees that:

   a. The base offense level is 14. See U.S.S.G. §§ 2T1.4(a)(1), 2T4.1(E).

   b. The base offense level is increased by two levels pursuant to U.S.S.G. § 2T1.4(b).

   c. The 2-level decrease for minor role is applicable. See U.S.S.G. § 3B1.2(b).

   d. Based on defendant's conduct as of the date of this agreement, the 2-level decrease for acceptance of responsibility would be applicable. See U.S.S.G. § 3E1.1(a).

   e. If defendant's offense level is 16 or greater, the government will move for an additional 1-level decrease based on defendant's timely notification of her intent to plead guilty. See U.S.S.G. § 3E1.1(b).

   f. No other adjustments to or departures from the offense level are applicable, except as described in paragraph 4.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

3. If defendant pleads guilty and is sentenced on Count 1 of the Information, the Government will bring no further charges against defendant based on her participation in the filing of false income tax returns as described in the factual basis section of this agreement.

4. Should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 to reflect the defendant's substantial assistance. In that motion, the Government will recommend a downward departure of three levels. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 is at the sole discretion of the United States.

5. The Government agrees, with the defendant, that in the event that the defendant does not receive a downward departure pursuant to U.S.S.G. § 5K1.1, then defendant shall be sentenced to the minimum term of imprisonment required by the Sentencing Guideline range applicable to the defendant.

## DEFENDANT'S PROVISIONS

1. The defendant, aware that the crime charged in the Information is punishable by imprisonment for more than one year, agrees to waive her right to prosecution by indictment.

2. Defendant agrees to plead guilty to Count 1 of the Information.

3. Defendant agrees with the calculation of the offense level as set forth in paragraph 1 of the Government's provisions.

4. The defendant agrees that in the event that the defendant does not receive a downward departure pursuant to U.S.S.G. § 5K1.1, then defendant shall be sentenced to the minimum term of imprisonment required by the Sentencing Guideline range applicable to the defendant.

5. Defendant agrees to cooperate fully with the Government as detailed in the Cooperation Agreement below.

6. Defendant agrees not to commit any other federal or state criminal offense while awaiting sentencing.

## **COOPERATION AGREEMENT**

1. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government.

2. The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Information and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

3. If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its

commitment to honor all of its obligations to the defendant, without the defendant being allowed to withdraw the guilty plea. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencing the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; and, (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 1 of the Information and understands that the nature of the charge to which the plea is offered involves proof as follows:

From January 2005 through April 2005, defendant was employed by a tax preparation business (the "Preparer") in Montgomery, Alabama. Following the instructions of the Preparer's owner (the "Owner"), defendant and a second employee caused approximately 22 federal income tax returns to be filed with the Internal Revenue Service that falsely claimed refunds that substantially exceeded the actual refund, if any, that the taxpayer was entitled to. Among other

things, as the defendant knew, the returns manipulated the taxpayer's income in order to render the taxpayer eligible for the earned income tax credit (or to entitle the taxpayer to a larger credit than the taxpayer was actually entitled to). The Owner paid defendant approximately $400-450 for each return defendant prepared and filed.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1.  The defendant, before entering a plea of guilty to Count 1 of the Information as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Other than as provided for under Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the Defendant acknowledges that a breach of this Plea Agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that

by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.  The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.  The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h.  The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.  The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

j.  The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection

with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

    k.    The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

    2.    The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 27th day of August, 2007.

                                              Respectfully submitted,

                                              LEURA G. CANARY
                                              UNITED STATES ATTORNEY

                                              Andrew O. Schiff
                                              Assistant United States Attorney
                                              Deputy Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_____
Felicia Shanta Jackson
Defendant

___8-27-07_____
Date

_____
Daniel G. Hamm
Attorney for the Defendant

___8-27-07_____
Date